## Case No. 7,188.

### The JAMES ADGER.

[3 Blatchf. 515;[1] 35 Hunt, Mer. Mag. 453.]

Circuit Court, S. D. New York. Sept. 12, 1856.[2]

Francis B. Cutting. for libellants.
Edgar S. Van Winkle, for claimant.

NELSON, Circuit Justice. The schooner was on a voyage from St. Mary's, Georgia, to New York, and the James Adger was bound from New York to Charleston, South Carolina. The wind was northeast by east, and the schooner was close hauled, heading about east southeast. She was struck on her larboard bow, near the fore rigging, by the starboard bow of the steamer. The wind was light, between two and three knots the hour, and the night rainy and hazy. The steamer was going at the rate of between nine and ten knots the hour. Her lights were discovered by the hands on the schooner when she was some three-quarters of a mile off, and a light was immediately shown in a conspicuous place by the mate of the vessel, who had charge of the watch at the time. There is some difference of opinion among the witnesses as to the darkness of the night, and as to the distance a vessel could be seen at the time of the collision; but I am quite satisfied that, if a vigilant lookout had been kept on the steamer, the schooner, with her light, could have been discovered in season to have avoided her. And I may add, that if the night was as dark as is stated by some of the leading witnesses on behalf of the steamer, her rate of speed was too great for the reasonable security of sailing vessels in her track.

In answer to this, it is said that she is under a contract to carry the mail of the United States between New York and the city of Charleston, and to make the passage in sixty hours. But I cannot agree that this affords any excuse for a rate of speed which the law regards, under the circumstances, as dangerous to the lives and property of our citizens, or any exemption from the responsibility common to this species of our commercial marine.

There is another observation that should be made, concerning the conduct of the mate, who was in charge of the steamer at the time. On the report of the vessel to him as ahead, by the lookout, he immediately ordered the helm to be put hard-a-starboard, which was done. He admits that the lookout did not report the course the vessel was heading, nor did he stop to ascertain the fact before he gave the order. He also admits, that if he had known the position of the vessel, he would have ported his helm, instead of putting it hard-a-starboard, and that this would have carried the steamer under her stern. I may add, that it would probably have avoided the misfortune. I think that the decree below was right, and should be affirmed.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 14,074a.]